## Abstract of the Decision.

1. APPEAL AND ERROR, § 1567*—*when correctness of ruling on proposition of law immaterial*. Where in a case tried by the court without a jury the ultimate facts found by the court are such that no judgment would stand except that entered, the question whether there was error in a ruling on a proposition of law is immaterial.

2. APPEAL AND ERROR, § 1414*—*when findings of fact by court will not be reviewed*. Where the evidence heard at the trial is not in the record, the Appellate Court will not review findings of fact by the trial court trying the case without a jury.

---

## Simon P. Gary, Appellee, v. Charles R. Beadles and Roberta D. Beadles, Appellants.

### Gen. No. 21,293.    (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded. Opinion filed November 15, 1916. Rehearing denied November 29, 1916.

### Statement of the Case.

Action by Simon P. Gary, plaintiff, against Charles R. Beadles and Roberta D. Beadles, defendants, in the County Court of Cook county, to recover for legal services. From a judgment for plaintiff for $750, defendants appeal.

Plaintiff was employed by defendants to represent them in a suit, known as *Levi v. Beadles*. The evidence tended to show that plaintiff was an attorney at law, and had been practicing since 1896; that in 1905 defendants undertook to build a building in Chicago. The work was commenced and some money furnished by a banker named Tisdelle, who afterwards got into financial difficulties, and in order to

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

complete the building defendants asked Levi to advance the money needed for that purpose. In the negotiations with Levi, plaintiff represented Levi and drew up the contracts and other papers. To protect himself, Levi had defendants convey the property to him and authorize him to collect rents. When the building was completed, Levi collected the rents. Afterwards when Tisdelle demanded payment, Levi proposed to enforce his lien by foreclosure. Defendant Beadles stated that he had no attorney and knew none, and Levi suggested plaintiff. Afterwards, as plaintiff testified, Beadles asked plaintiff if he could represent defendants in the foreclosure suit. Plaintiff said: "If there is no controversy between you and Mr. Levi, I think I can represent you," but otherwise not. Beadles said he would employ plaintiff with the understanding that he could change attorneys at any time, which was agreed to. Levi was represented in the foreclosure suit by other counsel. Plaintiff filed a formal answer for defendants, the case was referred to a master, and testimony introduced. The principal contest before the master was between Tisdelle and Levi, and little or none between Levi and defendants. It seems Levi and plaintiff sought to defeat Tisdelle by allowing Levi's claim in full, being a lien superior to Tisdelle's. In 1908, plaintiff suggested that defendants secure another attorney, as a controversy had arisen between them and Levi. This was done.

Defendants contended that plaintiff was disqualified to act as attorney for them, as he had been Levi's attorney concerning the subject-matter of the controversy, and that plaintiff was derelict in his duty in the foreclosure suit in that he did not question the ownership of certain bonds involved, that Levi was not required to account for the rents collected and that the defense of usury was not interposed.

Plaintiff testified as to his reasons for his course, and that defendants acquiesced, which defendants de-

nied. After plaintiff withdrew, defendants, through their new counsel, filed pleadings and had the question of the accounting gone into.

HENRY W. LEMAN and FRANK H. CULVER, for appellants.

SIMON P. GARY, *pro se* and MICHAEL LYONS, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. ATTORNEY AND CLIENT, § 135*—*when evidence shows attorney occupying position adverse to client.* In an action to recover for professional services as attorney at law, where it appeared that, after acting as counsel for one proposing to lend money to defendants on mortgage, plaintiff was engaged to represent defendants in the foreclosure proceeding arising out of the loan, the mortgagee, plaintiff's former client, assenting to the arrangement and being represented in the foreclosure proceeding by other counsel, evidence examined and *held* that the plaintiff was in a position where he could not properly protect the interest of defendants in the foreclosure proceeding, regardless of his intention or motive, since there is a rigid rule that attorneys must not place themselves in positions where they may be required to choose between conflicting interests, or be led to attempt to reconcile conflicting interests rather than to enforce to their full extent the interests which they alone should represent.

2. ATTORNEY AND CLIENT, § 137*—*when erroneous to refuse instruction that attorney not entitled to recover for services.* In an action to recover for professional services as attorney at law, where the evidence showed that plaintiff had previously been the attorney of the adverse party in the transaction out of which the litigation arose, and was not in a position properly to protect defendants' interests therein, the refusal of the trial court to instruct the jury that plaintiff could not recover, *held* erroneous.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.