## DIFFENBACH v. H. H. MAHLER CO.

No. 22009.   March 20, 1934.

Allen, Underwood & Canterbury, for plaintiff in error.

Jno. F. Kerrigan, for defendant in error.

OSBORN, J. H. H. Mahler Company, a corporation, sued Nevin J. Diffenbach in the court of common pleas in Tulsa county for a balance due on account and to foreclose a lien. The cause was tried to the court, and a judgment was rendered for plaintiff, and the defendant has appealed. The parties will be referred to as they appeared in the trial court.

It appears that plaintiff company was employed by defendant to perform certain services in the construction of a certain building in Tulsa. It is alleged that the contract was oral, but a letter was introduced detailing the terms of the contract as follows:

"We will prepare complete working drawings and specifications for a fireproof building designed for the addition of two floors of hotel rooms at a later date; we will take bids on certain subitems and let contracts as directed by you; and we will order materials from firms approved by you and will hire and direct all labor; we will or-

ganize and direct all branches of work and will give same our careful supervision and we will check all bills for material and labor, payrolls, subcontractors' payments, etc·, and if correct will issue certificates therefor.

"You are to pay said bills when certified by us, and also maintain workmen's compensation and public liability insurance made jointly to you and to us and the necessary fire, tornado, and explosion insurance.

"Our charges for the above services will be a total of eight per cent (8%) of the cost of the building payable as follows: Three per cent. (3%) when plans and specifications are completed (based on cost of $20,000) and five per cent. (5%) on the first of each month based on cost items certified by us during the previous month. The adjustment on account of the difference between the above mentioned $20,000 and the actual cost shall be made on the last payment to us.

"As stated to you today, we shall probably be able to start excavation for footings on October 8th, although plans and specifications will not be completed by that time·

"Yours very truly,
"H. H. Mahler Company."

In compliance with the terms of the above contract, plaintiff furnished ·plans and specifications and supervised the construction of the building. A portion of the contract price was paid and defendant refused to pay the balance. Plaintiff filed a lien upon the property and brought this action to recover the balance due and to foreclose the lien.

Defendant contends that plaintiff is an architect and is not entitled to a lien. But this action is upon the contract, by which certain agreed duties are specifically set out and the compensation fixed. The contract is indivisible and contemplates the performance of personal service in the construction of the building itself. The question as to whether or not an architect has a lien for his services in preparing plans and specifications is not presented here. Our statute (sec. 10975, O. S· 1931) is sufficiently comprehensive to include not only the "performing" of labor, but also the "furnishing" of labor. It is well settled that the term "labor" is not confined to physical or manual labor. Sanguinett & Staats v. Colorado Salt Co. (Tex. Civ. App.) 150 S. W. 490.

Defendant argues that, since plaintiff is a corporation, the above statute has no application, since it refers specifically to persons. Section 35, O. S· 1931, provides that the word "person," except when used by way of contrast, includes not only human beings, but bodies politic and corporate.

Defendant further contends that plaintiff occupied the status of a contractor, and alleges damages by reason of faulty construction in that the foundation of the building settled, with caused cracks in ·the ·walls, and that the roof was improperly constructed and leaked when it rained. In this connection, the trial court found that plaintiff was not a contractor, and under the terms of the contract was not responsible for faulty construction, and refused to assess the damages complained of by defendant. In this, the trial court was correct. Under the terms of the contract, plaintiff was not a contractor. Claffy v. Chicago Dock & Canal Co., 249 Ill. 210, 94 N. E. 551; Albert Steinfield & Co. v. Broxholme (Cal. App.) 211 P. 473; Schanen-Blair Co. v. Sisters of Charity (Wash.) 137 P. 468; 5 C. J. p. 256, par. 4. By the terms of the contract, the only obligation assumed by plaintiff was to prepare drawings and specifications and to supervise the construction. It was specifically provided that plaintiff was to let· contracts as directed by defendant. Defendant alleged a breach of the contract, but the evidence does not sustain such allegation. It was not proved that the plans and specifications were unsatisfactory, or that the construction was not diligently and competently supervised. No negligence is pleaded or proved. Since defendant relies wholly upon a breach of contract, and the evidence wholly fails to establish his position, his second contention must fail.

The judgment of the trial court is affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, and BUSBY, JJ., concur.