Otto Scharlau et al., Appellants, v. Lombard State Bank et al. Grace E. Brandt, Appellee.

Gen. No. 8,844.

Opinion filed January 10, 1935. Rehearing denied February 5, 1935.

HERBERT A. GROTEFELD, of Downers Grove, and GORDON MOFFETT, of Lombard, for appellants; EVA R. POLLACK, of Downers Grove, of counsel.

FREDERICK C. HARBOUR, of Chicago, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

This was a suit by appellants against certain defendants to enforce stockholder's liability against them as stockholders of the Lombard State Bank. Appellee, Grace E. Brandt, was a resident of the State of California, and had been for approximately 10 years prior to the bringing of this suit. It appears that Mr. Michael Kross, an attorney of DuPage county, and a friend of appellee's family for many years, was also a defendant to said bill; and that he filed a general appearance for a large number of defendants, including himself and appellee; that subsequently he filed a general demurrer to the bill on behalf of such defend-

ants, which was overruled; and following this, filed a short answer to the bill on behalf of such defendants.

Appellee, upon learning of the above, entered a special appearance by her attorney herein, Mr. Harbour, and made motion to quash the general appearances that had theretofore been entered in said cause upon her behalf, and to strike from the files all pleadings in said cause filed in her behalf by Mr. Kross. Motion was supported by affidavits to the effect that appellee did not employ or direct Mr. Kross to appear for her as attorney or to enter her appearance in said cause and that she did not authorize any person to make such arrangements for her. We do not find any controversy to exist over this question. It appears that it was the result of a misunderstanding which arose from a conversation had between Ida E. Ullmann, a sister of appellee, and Mr. Schumacher, president of the Elmhurst State Bank, regarding their respective liabilities as stockholders in the Lombard State Bank, and in agreeing that Mr. Kross should represent them along with certain other defendants.

There appears to be no question but that the filing of appearance together with the pleadings by Mr. Kross on behalf of appellee was the result of inadvertence and misunderstanding; and that the same was done without any knowledge or authorization upon the part of appellee. There is no criticism due Mr. Kross in the matter. He appeared for many defendants in the action, and by a condition of unfortunate circumstances and misunderstanding, included the name of appellee among such list of defendants. This is not an unexpected situation in cases such as this one where there are many defendants with one attorney representing a large portion thereof and no doubt receiving suggestive directions from persons who are not authorized to make the same.

An attorney must be actually employed for the purpose before he can represent a party litigant in court. The relation of client and attorney must subsist between them. That relation cannot be created by the attorney alone, nor by the attorney and a third party who has no authority to act. *Bell v. Farwell,* 189 Ill. 414, 419; *Harshey v. Blackmarr,* 20 Iowa 161, 89 Am. Dec. 520.

It is the duty of a plaintiff to obtain due legal service upon his adversaries in the manner provided by law, and he cannot be relieved in this respect by the act of a person unauthorized by the defendant. Appellee was not amenable to the jurisdiction of the court and did no act to authorize the entry of her appearance. A defendant should not be bound by the unauthorized act of a stranger. To permit this would be to bind such litigant by the judgment of the court without his having had his day in court. Appellee is in nowise bound by the proceedings taken against her by virtue of her unauthorized appearance. There is no other principle which can afford appellee adequate protection in this case, than to hold that such unauthorized appearance shall be held and considered a nullity.

The order of the circuit court of DuPage county in quashing the appearances filed in this cause by Michael Kross on behalf of said appellee and striking from the files the joint and several answers of appellee, was correct and is affirmed.

*Order affirmed.*