Penniniah S. McLAURIN, Plaintiff in Error,

v.

Harry ETCHISON and L. B. Chesnutt Company, Defendant in Error.

No. 35350.

Supreme Court of Oklahoma.

Oct. 19, 1954.

Rehearing Denied Nov. 23, 1954.

Bruce & Rowan, Oklahoma City, for plaintiff in error.

C. H. Baskin, Holdenville, for defendants in error.

PER CURIAM.

Plaintiff in error, Penniniah S. McLaurin, will be referred to herein as defendant and defendants in error, Harry Etchison, as plaintiff, and L. B. Chesnutt Company, as cross-petitioner.

Defendant appealed from a judgment of the district court of Hughes County against her in favor of the plaintiff and cross-petitioner in the principal amounts of $365.35 and $791.51, respectively, with six percent (6%) interest from date of judgment and ten percent (10%) of said amounts as attorney's fee, and decree establishing and ordering foreclosure of mechanics' and materialman's liens, on Lots 4, 5, 6 and 7, in Block 13, of the original townsite of the City of Holdenville, filed by plaintiff and cross-petitioner, and order overruling a motion for a new trial.

The defendant lived in Oklahoma City, and owned an apartment house, known as Sunset Inn, located on the above men-

tioned lots in the City of Holdenville. The sanitation officers of the County and City at Holdenville were complaining about the unsanitary condition of her property, and, had threatened to condemn it, or some part of it, on account of its condition. About June 1, 1950, defendant telephoned from Oklahoma City to Mr. C. H. Baskin, at Holdenville, now the attorney for the plaintiff and cross-petitioner, and authorized him to have the building repaired to meet the requirements of the City of Holdenville in respect thereto. Mr. Baskin thereupon contacted the plaintiff Harry Etchison, and Mr. Clyde Chesnutt of L. B. Chesnutt Company, to arrange to have the repairs done, and they both agreed to go ahead and start the work, and did. In order that the nature and amount of repairs to be done might meet the requirements of the local health and sanitation officials, Mr. Baskin had a Mr. Reed, of the County Health unit, to go with him to see and inspect the property. Mr. Baskin told plaintiff that there had to be some toilets, some buildings built down there to clean the place up and make it sanitary, and that Mr. J. D. Jones, then Acting Sanitary Officer for the City of Holdenville, would show him what to do, and, thereafter, the repairs were projected, labor performed and materials furnished as required by Mr. Jones, as long as Mr. Baskin looked after the matter for defendant.

About July 15, 1950, Mr. Hugh K. Clark of the City Rental Company of Oklahoma City succeeded Mr. Baskin as agent of defendant in looking after the completion of repairs on her property at Holdenville.

Defendant contends that there is no evidence in the record tending to establish any contract with her or with anyone duly authorized by her, to perform labor or furnish material for the repair of her building. The defendant admits in her own testimony that she called Mr. Baskin and gave him directions to do certain things about repairing her property. Defendant also admits in her testimony that after she dispensed with the services of Mr. Baskin, she contracted with the City Rental Company of Oklahoma City to look after the repairing of her building there in Holdenville. The labor that was performed and materials furnished in and about the repairing of the building of defendant under the arrangements made and directions given by Mr. Baskin, and Mr. Clark of the City Rental Company, under the evidence, must be considered as done by authority of the defendant.

We deem it unnecessary to cite authorities to support the proposition that a contract to perform labor or furnish materials to form the basis for mechanics' or materialman's lien, may be made either with the owner of the property directly, or with his duly authorized agent.

The defendant further contends that since a major part of the items included in the claim of plaintiff was for labor not actually performed by plaintiff, but done by persons employed and paid by him, he is not entitled to a mechanics' lien. In 57 C.J.S., Mechanics' Liens, § 91, it is stated:

"While the contrary has been held under a few statutes, it is generally held that a contractor is entitled to a lien for labor furnished by him and actually performed by persons working under him; * * *."

In Diffenbach v. H. H. Mahler Co., 167 Okl. 518, 30 P.2d 907, 908, the Court held:

"Our statute (section 10975, O.S. 1931) is sufficiently comprehensive to include not only the performing of labor, but also the furnishing of labor."

Sec. 10975, supra, is the same as Title 42, § 141, O.S.A.

This action being equitable in nature, we have carefully read the testimony and weighed the evidence as a whole, and it is our opinion that the weight of the evidence supports the decision of the trial court.

The judgment of the district court is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.

This Court acknowledges the services of Attorneys E. O. Clark, A. G. Windham

and Alpheus Varner, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.