PEGGY LYNN FREDERICK *et al.*, Plaintiffs, *v.* ZEIGLER COAL COMPANY *et al.*, Defendants.—(PEGGY LYNN FREDERICK, Plaintiff-Appellant; STATE BANK OF ARTHUR *et al.*, Guardians of the Estates of Melissa Lynn Frederick *et al.*, Minors, Plaintiffs-Appellees.)

Fourth District   No. 13919

Opinion filed February 10, 1978.

Jay H. Janssen, of Peoria, for appellant.

W. Loren Thomson, of Bloomington, for appellees.

Mr. JUSTICE CRAVEN delivered the opinion of the court:
On June 1, 1973, Byron Frederick was killed when he fell from a scaffold while working on the construction of a silo. His employer was the subcontractor, First Colony Corp., the third-party defendant. The general contractor was defendant Roberts & Schaefer Co., and the defendant Zeigler Coal Company owned the land on which the fatal accident occurred.

The decedent, Byron Frederick, is survived by (1) Peggy Frederick, his widow, and (2) Byron Frederick, Jr., their son (born October 31, 1973); by (3) Melissa Frederick (born September 9, 1970), the daughter of decedent and his second wife Cynthia Frederick (Jones); and by (4) Rodney Frederick (born July 26, 1966) and (5) Felicia Frederick (born August 26, 1965), the children of decedent and his first wife Sharon Frederick (Mize).

In an application for an award under the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.1 *et seq.*), the widow and the four minor children were to each receive about $6,000. However, that action was pending on appeal when the following events occurred.

Attorney Jay Janssen filed a complaint based upon the Structural Work Act (Ill. Rev. Stat. 1975, ch. 48, par. 60 *et seq.*) in the name of Peggy Frederick, as widow of Byron Frederick, and as next friend of all the above named four minor childen. However, Attorney Janssen had not been retained by Melissa, Rodney, or Felicia Frederick or their parent. Later, Attorney Loren Thomson was retained to represent Rodney and Felicia at the trial level proceedings. Melissa's mother never authorized any attorney to represent Melissa in the trial court.

The two defendants and the third-party defendant made a settlement offer of $145,000 to settle both the Workmen's Compensation Act and Structural Work Act claims of the widow and the four minor children. A hearing on the settlement offer was held. At the hearing, Peggy Frederick (on her behalf and on behalf of Byron, Jr.), Melissa's mother and Rodney and Felicia's mother, testified that they were all satisfied with the settlement offer. Arguments were heard on the subject of the method for dividing the settlement. Attorney Janssen contended that the proceeds should be divided on the basis of dependency, but another proposal was that the division be on a per capita basis.

The trial court entered an order settling the claims for $145,250. The court divided the net settlement into five equal shares for the widow and the four minor children. Also, Attorney Janssen and Attorney Thomson were each awarded fees in the amount of one-sixth of the settlement plus expenses.

The widow, Peggy Frederick, by her attorney Janssen, appeals only from the order of distribution. On appeal, she now contends that she is entitled to the entire amount of the settlement, or alternatively, that the settlement should have been divided upon a dependency basis.

■■ Although the theory that the widow is entitled to the entire settlement award could normally be either successfully maintained or at least persuasively argued as to that portion of the settlement based solely upon the Structural Work Act, that theory can now be summarily

rejected, for it was not raised in the trial court and is, therefore, waived. *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 324 N.E.2d 417.

As mentioned above, the widow could have been entitled to the entire award of that portion of the settlement based upon the Structural Work Act. The Structural Work Act provides, in relevant part, that:

> "* * * in case of loss of life * * * a right of action shall accrue to the widow of the person so killed, his lineal heirs or adopted children; or to any other person or persons who were, before such loss of life, dependent for support on the person or persons so killed, for a like recovery of damages for the injuries sustained by reason of such loss of life or lives." Ill. Rev. Stat. 1971, ch. 48, par. 69.

Cases construing this same language in the Coal Mining Act (Ill. Rev. Stat. 1975, ch. 93, par. 1.01 *et seq.*) have held that the language "authorizes but one action,—but one recovery for the entire loss. If the deceased leaves a widow surviving, she, under the statute, is entitled to sue and recover for the loss * * *." (*Beard v. Skeldon* (1885), 113 Ill. 584, 586. See also *McFadden v. St. Paul Coal Co.* (1914), 263 Ill. 441, 105 N.E. 314.) Furthermore, *Beard* was cited with approval by the court in interpreting the provisions of the original Structural Work Act in *Claffy v. Chicago Dock & Canal Co.* (1911), 249 Ill. 210, 94 N.E. 551. But see *Scully v. Otis Elevator Co.* (1971), 2 Ill. App. 3d 185, 275 N.E.2d 905.

■■ Yet, she suggested only two alternatives to the trial court. By those two plans, the distribution might have been according to dependency or might have been based on a per capita division. The trial court concluded that the per capita method was preferable because a dependency related plan is too uncertain due to unknown variables (such as medical and educational expenses) which could affect the future fairness of the plan. Upon this record and in view of the waiver, we affirm the per capita distribution.

However, we feel compelled to vacate and remand as to the distribution plan with respect to the award of attorneys' fees. Attorney Janssen filed suit on behalf of Peggy Frederick as widow of the decedent and as next friend of the four minor children. But he had not then been retained by Melissa, Rodney, or Felicia Frederick or their parents.

> "An attorney must be actually employed for the purpose before he can represent a party litigant in court. The relation of client and attorney must subsist between them. That relation cannot be created by the attorney alone, nor by the attorney and a third party who has no authority to act." (*Scharlau v. Lombard State Bank* (1935), 278 Ill. App. 504, 507.)

Since the widow had an arguable claim to the entire award under the

Structural Work Act, the position of the minor children was in actual or potential conflict with the widow's position. Yet, Attorney Janssen filed suit on behalf of both the widow and the children. Thereafter, the record reveals that Attorney Thomson filed a petition on behalf of Felicia and Rodney to compromise the claim. Attorney Janssen filed a petition to compromise the claim on behalf of the widow and all four minors. Various banks were appointed guardian for the minors, and ultimately, Attorney Thomson appeared for the respective guardians of Rodney, Felicia, and Melissa. Attorney Janssen appeared for the widow and the guardian appointed for her son, Byron. As late as May of 1976, suggestions were filed with reference to fees and settlement proceeds, and in those suggestions, it was noted that Melissa Frederick was an unrepresented minor. Subsequently, Attorney Thomson apparently undertook the representation of the guardian of Melissa. The order fixes fees upon what are described as contingent fee contracts, but then proceeds to divide the attorneys' fees of one-third equally between the two attorneys. The order of settlement is the release of the award made and pending on appeal before the Industrial Commission.

■■ After encouraging the compromise and release of all claims, including the workmen's compensation awards that had previously been made to the children, and which were pending on review, Janssen in this appeal by his contentions attempts to deprive them of any benefits of the settlement. Such cannot be condoned or ignored by this court. While not specifically an issue, to merely affirm the award of the circuit court, including the attorneys' fees, would amount to condoning or ignoring the issue. This case involves the interests of minor children, as well as serious questions with reference to conflicts of interest. In such posture we deem that this court has a duty to see that the rights of the children are adequately protected and we are bound to notice substantial irregularities, even though not necessarily expressly presented. See *Muscarello v. Peterson* (1960), 20 Ill. 2d 548, 170 N.E.2d 564; *James v. Chicago Transit Authority* (1976), 42 Ill. App. 3d 1033, 356 N.E.2d 834.

In *King v. King* (1977), 52 Ill. App. 3d 749, 753, 367 N.E.2d 1358, 1360, we noted:

> "An attorney cannot recover from the party that he has wronged for legal services where he has represented adverse, conflicting, and antagonistic interests in the same litigation. *Strong v. International Building Loan & Invest. Union* (1899), 183 Ill. 97, 55 N.E. 675; *Gary v. Beadles* (1916), 202 Ill. App. 58; *Beerly v. The Wm. Meyer Co.* (1947), 332 Ill. App. 653, 75 N.E.2d 783 (abstract)."

■■ Furthermore, the allowance of attorneys' fees as to that portion of the settlement applicable to the workmen's compensation award is

limited by the rules of the Industrial Commission to a maximum of 20 percent of the award. See Rules Governing Practice Before the Industrial Commission Under the Workmen's Compensation and Occupational Diseases Acts, section 8, Rule No. 8(1), effective March 1, 1977.

■■ Accordingly, we affirm the order for settlement of the claims and the per capita distribution as provided in the order of settlement. For the reasons indicated, we vacate the award as to attorney fees and remand this cause to the circuit court with directions to conduct a hearing to determine the origin and basis of each attorney's representation of each client and the valid agreement as to attorneys' fees applicable to such representation. In the event that a proscribed conflict of interest is found to exist, the circuit court is directed to proceed in accordance with the opinion of this court in *King*. Upon recomputation of attorneys' fees in accordance with the agreements and directions in this remandment, compensation as it relates to all or any portion of the Workmen's Compensation award is to be limited by the rules of the Industrial Commission.

Affirmed in part, reversed in part, and remanded with directions.

REARDON, P. J., and TRAPP, J., concur.