MOTOR VEHICLES
Oklahoma Motor Vehicle Commission. A corporate entity that contracts with franchised and licensed dealers in Oklahoma to supply automobiles for resale through "brokers" holding contracts with the corporate entity who contracts buyers for the automobiles is subject to the licensing provisions of 47 O.S. 561 [47-561] et seq. (1978), as a "Motor Vehicle Salesman" but not as a "Motor Vehicle Dealer". It is further the opinion of the Attorney General that the "broker" is subject to the licensing provisions of 47 O.S. 561 [47-561] et seq. (1978) as a "Motor Vehicle Salesman." The Attorney General is in receipt of your request for an opinion wherein you pose the following factual situation: A corporate entity, foreign or domestic, contracts with a franchised and licensed dealer in Oklahoma for the latter to supply cars to that corporate entity for resale. The corporate entity enters into contracts with persons in Oklahoma, styled "brokers", who locate buyers for the cars. The retail buyer gives the purchase money to the corporate entity, which in turn pays the franchised dealer. The "brokers" are paid compensation from the corporate entity based upon the sale of the new car. You then ask the following questions: "1. Are the corporate entities selling and distributing the new cars under the contractual arrangements with franchise dealers subject to the regulation of and licensing by the Commission, either as dealers or salesmen? "2. Are the 'brokers' in such arrangements or scheme subject to the regulation and licensing by the Commission as motor vehicle salesmen?" Title 47 O.S. 561 [47-561] (1978) supplies the statement of general legislative policy concerning the sale and distribution of new motor vehicles in Oklahoma, providing in part as follows: "The Legislature finds and declares that the distribution and sale of new motor vehicles in the State of Oklahoma vitally affects the general economy of the state and the public interest and the public welfare, and that in order to promote the public interest and the public welfare, and in the exercise of its police power, it is necessary to regulate and to license motor vehicle manufacturers, distributors, wholesalers, representatives, dealers and salesmen of new motor vehicles doing business in Oklahoma, in order to prevent frauds, impositions and other abuses upon its citizens and to protect and preserve the investments and properties of the citizens of this state." Title 47 O.S. 562 [47-562](b) (1978) defines "Motor Vehicle Dealer" as "(b) `Motor Vehicle Dealer' means any person, firm, association, corporation or trust not excluded by subsection (c) of this section who sells, solicits or advertises the sale of new and unused motor vehicles and holds a bona fide contract or franchise in effect with a manufacturer or distributor of a particular make of new or unused motor vehicle or vehicles for the sale of the same and who is authorized by the manufacturer to make predelivery preparation of such vehicles sold to purchasers and to perform post-sale work pursuant to the manufacturer's, distributor's or wholesaler's warranty." In construing any statute, the primary role of construction is to ascertain and declare the intention of the Legislature. Midwest City v. Harris, Okl., 661 P.2d 1357
(1977). That intent is ascertained from an examination of the language of the act as a whole in light of its general purpose and object. Adams v. Fry, Okl.,230 P.2d 915 (1951). Where the Legislature embodies a definition in a statute, that definition supersedes the commonly accepted dictionary or judicial definition in the application of those provisions and is binding on the courts. Minnix v. State, Okl. Cr., 282 P.2d 772 (1955). Under the above definition of "Motor Vehicle Dealer", the corporate entity at issue here clearly does not satisfy the requirements specified therein as it relates to being authorized to perform pre-delivery preparation and the rendition of post-sale warranty services. Therefore, a corporate entity such as that described would not be subject to the licensing provisions of 47 O.S. 561 [47-561] et seq. (1978). Title 47 O.S. 562 [47-562](d) (1978) defines "Motor Vehicle Salesman" as: "(d) 'Motor vehicle salesman' means any person who for gain or compensation of any kind, either directly or indirectly, regularly or occasionally, by any form of agreement or arrangement, sells, exchanges or negotiates for the sale of any new or unused motor vehicle for any motor vehicle dealer to any one or more third persons." Applying this definition to the basic factual situation presented reveals that all statutory requirements are satisfied. The word "person" normally includes a corporation. Title 25 O.S. 16 [25-16] (1971); Duffenbach v. H. H. Mahler, Okl., 30 P.2d 907 (1934). That this relationship is established for gain or compensation is clear. That this relationship is established for the purpose of negotiating for the sale of new automobiles to third persons is likewise clear. The contracts between the franchised-licensed dealer and the corporate entity established that the corporate entity would in fact be negotiating the sale of a new car for the dealer. Thus, under the facts as set out, that corporate entity would be subject to the licensing provisions specified in 47 O.S. 561 [47-561] et seq. (1978). The answer to your second question follows a similar analysis to that above. The "broker" would be a person who would negotiate the sale of the new automobile between third persons and the franchised-licensed dealer for gain or compensation, i.e., commission. Such person would therefore be subject to the licensing provisions set out in 47 O.S. 561 [47-561] et seq. (1978). It is, therefore, the opinion of the Attorney General that your questions be answered as follows: A corporate entity that contracts with franchised and licensed dealers in Oklahoma to supply automobiles for resale through "brokers" holding contracts with the corporate entity who contacts buyers for the automobiles is subject to the licensing provisions of 47 O.S. 561 [47-561] et seq. (1978), as a "Motor Vehicle Salesman" but not as a "Motor Vehicle Dealer". It is further the opinion of the Attorney General that the "broker" is subject to the licensing provisions of 47 O.S. 561 [47-561] et seq. (1978) as a "Motor Vehicle Salesman." (JEFFREY L. WEEKS) (ksg)