(No. 36728.—

ROBERT H. McCORMICK, Trustee, Appellant, *vs.* ZANDER REUM COMPANY, Appellee.

*Opinion filed May 25, 1962.—Rehearing denied September 27, 1962.*

RALPH T. CARROLL, of Chicago, for appellant.

CLARE J. MURPHY AND ANTON J. VALUKAS, of Chicago, (JOSEPH A. TECSON, of counsel,) for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

On February 11, 1958, defendant, an independent contractor, was plastering in plaintiff's building when some wet plaster fell into the right eye of Joseph Hain, an employee of plaintiff. Hain filed an application for adjustment of claim under the Workmen's Compensation Act against plaintiff and received an award for permanent and complete loss of vision of his right eye. On May 2, 1960, plaintiff filed a complaint against defendant under section 5(b) of the Workmen's Compensation Act (Ill. Rev. Stat. 1957, chap. 48, par. 138.5(b),) seeking reimbursement of payments made to Hain for his injury. The circuit court of Cook County dismissed the complaint because it was filed more than two years after Hain's injury. Plaintiff has appealed directly to this court alleging that the last paragraph of section 5(b) as interpreted by the trial court is unconstitutional.

The first sentence of section 5(b) provides that "Where the injury or death for which compensation is payable under

this Act * * * was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act." The section goes on to provide in its last paragraph that "In the event the said employee or his personal representative shall fail to institute a proceeding against such third person at any time prior to 3 months before said action would be barred at law said employer may in his own name, or in the name of the employee, or his personal representative, commence a proceeding against such other person for the recovery of damages on account of such injury or death to the employee, and out of any amount recovered the employer shall pay over to the injured employee or his personal representative all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this Act, including amounts paid or to be paid pursuant to the provisions of paragraph (a) of Section 8 of this Act, and costs, attorneys fees and reasonable expenses as may be incurred by such employer in making such collection or in enforcing such liability."

Plaintiff first asserts that the trial court erroneously interpreted section 5(b) as barring the employer's action unless it is filed within the three-month period before the employee's action is barred at law. Plaintiff contends that it has a common-law action for reimbursement from defendant, that while the last paragraph of section 5(b) provides that such action cannot be commenced until three months before the employee's action against the third person is barred at law, it does not otherwise limit the employer's time for filing his action and that therefore the five-year limitation of section 15 of the Limitations Act (Ill. Rev. Stat. 1959, chap. 83, par. 16) is controlling and the employer's action can be filed any time within a five-year period com-

mencing three months before the employee's action is barred at law.

In the absence of a valid statute creating the right, a non-negligent employer, who has been required to pay workmen's compensation to an employee injured by the negligence of a third-party tort-feasor, has a *common law right of subrogation* to the claim of the employee against the third-party tort-feasor for reimbursement of the amount of workmen's compensation paid to the employee. (*Geneva Construction Co. v. Martin Transfer and Storage Co.* 4 Ill.2d 273.) In the case cited we also noted that the employer's common-law right of subrogation had been supplanted by a mode of statutory subrogation in the 1953 amendment to section 5(b). Thus, the status of the non-negligent employer is the same under section 5(b) as it would have been under the common law, namely, subrogee to the claim of his employee against the third-party tort-feasor.

It is well established that a subrogee can have no greater rights than the subrogor and can enforce only such rights as the subrogor could enforce. (*Dworak v. Tempel,* 17 Ill.2d 181; *Smith v. Dinsmoor,* 119 Ill. 656; *New Amsterdam Casualty Co. v. Gerin,* 9 Ill. App. 2d 545; *Economy Auto Insurance Co. v. Brown,* 334 Ill. App. 579.) Since Hain could not assert his claim against defendant on May 2, 1960, plaintiff, as subrogee, could not assert the claim on that date.

The plaintiff then contends that if its action under section 5(b) is barred, the section has shortened the time within which an employer may file his action to such an extent that it violates the fourteenth amendment of the Federal constitution and section 2 of article II of our constitution. This contention is based on plaintiff's erroneous theory that an employer under the common law could maintain a separate and distinct cause of action against a third-party tort-feasor at any time within five years after his cause of action accrued. As we have pointed out, however, an employer's

remedy against a third-party tort-feasor under the common law was by means of subrogation or substitution to the rights of the injured employee against the third-party tort-feasor, and the employer, as subrogee, has no greater rights than the employee. (See *Goebel* v. *Mize*, 14 Ill. App. 2d 69; *King* v. *Cairo Elks Home Association*, (E. D. Ill.) 145 F. Supp. 681, also cf. *Joseph Schiltz Brewing Company* v. *The Chicago Railways Company*, 307 Ill. 322.) Thus, plaintiff's action was not barred by section 5(b) but was barred because plaintiff was subrogated to a right which had been barred by the two-year limitation period imposed by section 14 of the Limitations Act. (Ill. Rev. Stat. 1959, chap. 83, par. 15.) We find no error in the trial court's ruling, and the judgment of the circuit court of Cook County is, accordingly, affirmed.

*Judgment affirmed.*