Ernest C. Erickson, d/b/a Carl E. Erickson Company, Plaintiff-Appellee, *v.* Bituminous Casualty Corporation, Defendant-Appellant.

(No. 56561;

First District (3rd Division)—February 1, 1973.

Nolan, O'Malley and Dunne, of Chicago, for appellant.

Dent, Hampton & McNella, of Chicago, (John P. Hampton, of counsel,) for appellee.

Mr. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court:

This appeal arises from a dispute between an insurance company and its insured.

Martin Conroy, an employee of the Carl E. Erickson Company, a general contractor, was injured while working on a building being constructed by Erickson for E. J. Brach & Sons. Conroy sued Brach for damages and Brach filed a third-party complaint against Erickson for indemnification. Conroy obtained a judgment against Brach for $85,000 and Brach obtained one against Erickson for a like amount. The judgments were appealed.

Erickson was defended in the Brach suit by the Bituminous Casualty Corporation pursuant to a policy which contained these provisions:

"Coverage A—Workmen's Compensation: To pay promptly when due all compensation and other benefits required of the insured by the workmen's compensation law.

Coverage B—Employer's Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury by accident * * * sustained * * * by any employee of the insured arising out of and in the course of his employment * * *."

During the pendency of the appeal, the litigation was settled by paying Conroy $50,000 in addition to $12,000 he had received in compensation benefits—for which subrogation rights were waived. During the settlement negotiations a controversy developed between Erickson and Bituminous. The maximum protection afforded by coverage B was $25,000 and Erickson demanded that Bituminous pay this amount. Bituminous refused to contribute more than $13,000. It contended that its total liability for one accident was $25,000 and that it had paid $12,000 of this sum to Conroy in compensation benefits under coverage A of the policy. As finally agreed, Bituminous contributed $13,000 toward the $50,000 settlement, Erickson $24,000 and Brach $13,000. Erickson's $24,000 payment was made without prejudice to its right to recover $12,000 from Bituminous.

Bituminous maintained its position and Erickson filed a complaint in

the Circuit Court. In its answer, Bituminous denied that it had a duty to pay $25,000 under coverage B. It asserted that its $13,000 contribution to the Conroy settlement was sufficient because Erickson had a $12,000 workmen's compensation lien on the money Conroy recovered from Brach; that Bituminous was subrogated to Erickson's lien and was, therefore, entitled to deduct the amount of the lien from whatever sum it owed Erickson by reason of coverage B.

Erickson moved to strike this defense. Its motion was sustained and a judgment on the pleadings for $12,000 plus interest was entered against Bituminous. Bituminous contends that the trial court erred in allowing the motion to strike and in entering judgment. Its contention is premised on section 5(b) of the Workmen's Compensation Act, on the subrogation provision of the policy, and on two opinions of this court: *Continental Casualty Co. v. Sweda* (1969), 113 Ill.App.2d 423, 251 N.E.2d 65, and *Daly v. W. E. O'Neil Construction Co.* (1971), 133 Ill.App.2d 655, 273 N.E.2d 505.

■■ Section 5(b) of the compensation act (Ill. Rev. Stat. 1967, ch. 48, par. 138.5(b)), provides that if an employee's injuries are caused by someone other than his employer and he recovers damages from this party, the employer may recover whatever compensation benefits it paid to the employee and that it shall have a lien for this purpose upon the money received by the employee. The subrogation clause of the Erickson-Bituminous insurance policy transferred this right to Bituminous: "In the event of any payment under this policy, the company shall be subrogated to all rights of recovery therefor of the insured * * * against any person or organization * * *." The *Sweda* case interpreted section 5(b) and the right of an insurance carrier to recover its compensation payments to an injured employee. A sum had been paid by a third party in settlement which was less than the judgment against it and less than the compensation payments. The trial court divided this sum between the employee's conservator and the carrier. In reversing the trial court, the Appellate Court held that section 5(b) called for full indemnification and that the carrier was entitled to reimbursement insofar as the third party payment would allow. The court said that where an injury had been caused by a third party and where recovery could be had from the third party, the law contemplated that the employer should be reimbursed out of this recovery since the employer did not cause the workman's injury.

■■ The court made it clear, however, that the purpose of section 5(b) is to provide protection for a non-negligent employer. In the present case it has been legally established that the employer—Erickson—was negligent. Although Conroy obtained a judgment against a third party—Brach

—for his injuries, Brach in its action-over obtained one against Erickson on the theory that its negligence was passive while Erickson's was active. Erickson's primary fault was thus established in law. Since Brach's judgment was, in effect, an adjudication that Erickson was the active tortfeasor, responsible for Conroy's injuries and liable for his damages, Erickson could not recover from Conroy the amount paid to him in compensation benefits. Bituminous has no greater standing than Erickson. (*McCormick v. Zander Reum Co.* (1962), 25 Ill.2d 241, 184 N.E.2d 882.) If Erickson has no right to reimbursement, Bituminous has no such right; if Erickson has no lien, its subrogee has none. To permit Bituminous to recover the $12,000 compensation payment it made to Conroy under coverage A of the policy (by reducing its settlement contribution $12,000, thus compelling Erickson to contribute this additional amount) would be allowing Bituminous to impose its loss not on Conroy but on Erickson, its own insured. This is not sanctioned by section 5(b) nor authorized by the policy.

The *Sweda* case does not aid Bituminous and neither does *Daly v. W. E. O'Neil Construction Co.* which it cites to support its argument that a purchaser of workmen's compensation insurance cannot defeat an insurer's right of subrogation even when indemnification means recovery from an insured who was at fault. *O'Neil* interpreted a subrogation clause identical to the one in the Erickson policy. Bethlehem Steel Corporation entered into a contract with the City of Chicago for viaduct construction and it agreed to procure two workmen's compensation insurance policies for the protection of itself and the City. Instead, a policy was purchased which named only the City as the insured. Daly, an employee of Bethlehem, was injured when he fell from a scaffold and he sued O'Neil, the general contractor, and the City. The City filed a third-party action against Bethlehem charging that Bethlehem's active negligence caused Daly's injuries. Daly obtained a judgment against the City and the City obtained one against Bethlehem. Bethlehem paid the judgment and filed a fourth-party complaint against its insurance company, the City's subrogee, on the theory that it had paid for the City's liability insurance. A judgment was entered for the insurer and on appeal the judgment was affirmed. The insurance Company was permitted to recover from the purchaser of the policy and not from its own insured as Bituminous attempts to do in this case. The *O'Neil* court recognized the distinction. It acknowledged that subrogation would not be permitted against a carrier's own insured.

■■ The trial court did not err in striking Bituminous' defense.

■■■ The court was also correct in entering judgment on the pleadings. An insurance contract is to be interpreted from an examination of the

complete document. (*Nationwide Insurance Co. v. Ervin* (1967), 87 Ill.App.2d 432, 231 N.E.2d 112.) An examination of the Erickson-Bituminous policy leads to the conviction that the parties contracted for two coverages that were independent of each other: workmen's compensation (A) and employers' liability (B). Provisions pertinent to coverage B are: the Insuring Agreements under which the insurer agrees to pay all sums the insured was legally obligated to pay as damages because of bodily injury; item 5 of the Declarations which fixes the insurer's limit of liability for coverage B at $25,000 "subject to all the terms of this policy having reference thereto"; item 9 of the Conditions which states that $25,000 is the total limit of the insurer's liability "for all damages because of bodily injury by accident * * * sustained by one or more employees in any one accident"; Exclusions (c) and (f) which state that the policy does not apply to liability assumed by the insured under any contract or agreement, nor to any obligation for which the insured, or any carrier as his insurer, may be held under the workmen's compensation of Illinois. Other statements in the policy relating to Bituminous' reimbursement for workmen's compensation payments are unrelated to coverage B because they apply to benefits in excess of those provided by law either because of willful misconduct of Erickson or the employment of a person in violation of the law. Nowhere in the policy is it said or intimated that what Bituminous might have to pay under coverage B would be reduced by what it might have paid under coverage A. There is no limitation on the amount of Bituminous' liability under coverage A. If the construction of the policy which Bituminous advocates were to be accepted, its compensation payments under A up to or in excess of $25,000 would be subject to subrogation recovery. In such an event Erickson would be entirely deprived of employers' liability protection.

This was neither the intention nor the purpose of the policy. In *Keys Engineering Co. v. Boston Insurance Co.* (S.D. Fla. 1961) 192 F.Supp. 574, a case construing a comparable policy, the court expressed our view: "The policy of insurance * * * was composed of two distinct coverages: (1) Workmen's Compensation Coverage, and (2) Employers' Liability Coverage; each being exclusive of the other and each indemnifying the Plaintiff against liabilities not included in the other coverage * * *."

The judgment is affirmed.

Affirmed.

McNAMARA and McGLOON, JJ., concur.