CHICAGO TRANSIT AUTHORITY, Plaintiff-Appellant, *v.* YELLOW CAB COMPANY *et al.*, Defendants-Appellees.

First District (5th Division)   No. 81—3178

Opinion filed November 5, 1982.

John O. Demaret, of Chicago (David A. Belofsky, of counsel), for appellant.

Jesmer and Harris, of Chicago (Lawrence P. Seiwert and Charles E. Tannen, of counsel), for appellees.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiff appeals from dismissal of its action to recover workers' compensation benefits paid to its employee for injuries allegedly caused by defendants' negligence. It contends that the trial court (1) improperly held that, as a matter of law, a general release barred a subrogation action brought by an employer under the Illinois Workers' Compensation Act; and (2) erred in ruling that the subrogation action was within the contemplation of the parties when they executed the settlement agreement.

Plaintiff filed a complaint pursuant to section 5(b) of the Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1979, ch. 48, par. 138.5(b)) seeking recovery of payments made under the Act to its employee

who was injured during the course of his employment. It alleged that it had compensated its employee in the amount of $580.25, as required by the Act, and that the negligence of defendants was the proximate cause of his injuries. Defendants moved to dismiss, pursuant to section 48 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48) on the ground that plaintiff had executed a full release of all its claims against defendants arising out of the occurrence described in the complaint. The release, a copy of which was attached, provided in pertinent part that in consideration of the sum of $159.22 paid by Yellow Cab Co., plaintiff did "RELEASE and forever discharge YELLOW CAB COMPANY, its officers, agents, employees, successors and assigns from all claims and demands whatsoever in law or equity, I ever had, now have, or hereafter may have *** by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the signing of this RELEASE." After a hearing, the motion to dismiss was granted on the basis that plaintiff released its claim, and this appeal followed.

OPINION

We first consider plaintiff's contention that the general release it signed did not bar its subrogation claim. Initially, it argues that the Act does not create a separate and distinct cause of action in favor of the employer but merely gives the employer the opportunity to enforce the employee's rights against a third-party tortfeasor; therefore, since the employer never has a cause of action, it can never relinquish it.

Section 5(b) of the Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.5(b)) provides in relevant part that if the employee "fails to institute a proceeding against [the third party causing his injuries] at any time prior to 3 months before such action would be barred, the employer may in his own name or in the name of the employee *** commence a proceeding *** on account of such injury." This language creates in the employer a right akin to the common law right of subrogation. (*Grasse v. Dealer's Transport Co.* (1952), 412 Ill. 179, 106 N.E.2d 124, *cert. denied* (1952), 344 U.S. 837, 97 L. Ed. 651, 73 S. Ct. 47; *Hulke v. International Manufacturing Co.* (1957), 14 Ill. App. 2d 5, 142 N.E.2d 717.) Therefore, plaintiff's assertion that it had nothing which could be waived finds no support in the law; rather, "the employer's common-law right of subrogation [has] been supplanted by a mode of statutory subrogation ***. Thus, the status of the non-negligent employer is the same under section 5(b) as it would have been under the common law." (*McCormick v. Zander Reum Co.*

(1962), 25 Ill. 2d 241, 244, 184 N.E.2d 882, 883-84.) Under common law, it was held that a right of subrogation, like any other legal or equitable right, may be qualified or extinguished by contract. *Hughes v. Hartford Fire Insurance Co.* (1885), 17 Ill. App. 518.

Plaintiff, however, relying on *Pennwalt Corp. v. Metropolitan Sanitary District* (N.D. Ill. 1973), 368 F. Supp. 972, asserts that the general release here does not bar its subrogation action. In *Pennwalt*, plaintiff sold chemicals to defendant under a contract, but defendant did not pay an Illinois Use Tax on its purchases since both parties thought that defendant was exempt from such tax. Upon completion of the contract, defendant paid the balance due thereunder and plaintiff executed a general release. Several years later, after the Illinois Department of Revenue determined that plaintiff should have collected use tax on the transaction, plaintiff paid the tax assessed and brought suit against defendant, alleging that defendant was primarily liable for payment of the tax and that plaintiff's payment subrogated it to the State's right against defendant. The question presented was whether the general release signed by plaintiff barred its action against defendant.

The court held that a release, "no matter how broad its terms, does not include claims not within the contemplation of the parties" (368 F. Supp. 972, 979) and that, under Illinois law, a general release does not apply to unknown claims, citing *Todd v. Mitchell* (1897), 168 Ill. 199, 48 N.E. 35. Holding that the release signed by plaintiff contemplated only performance of the contract, the *Pennwalt* court refused to read it as including the unrelated matter of use tax liability, noting that plaintiff's claim was based on subrogation, and stated "[i]t has been held that a general release does not bar an action based on subrogation." 368 F. Supp. 972, 980.

It is this latter phrase which plaintiff contends is dispositive of the issue before us. However, when it is read in context, it appears that the phrase was not the basis for the court's conclusion, for immediately following it the court went on to say:

> "At the time the release was executed, both Pennwalt and the District believed that the use tax issue had been long since resolved, and that the only 'consideration' for the release was the balance due under the contract. Under such circumstances it must be concluded that the liability of defendant asserted by the plaintiff was beyond the contemplation of the parties and that, therefore, they could not have intended the release to include it." (368 F. Supp. 972, 980.)

Plaintiff, nonetheless, asserts that we are required to follow the rea-

soning of *Pennwalt* and hold that a general release does not bar an action based on subrogation.

■ We are not bound to follow decisions of Federal courts other than the United States Supreme Court, nor those of the courts of any State except Illinois (*Corbett v. Devon Bank* (1973), 12 Ill. App. 3d 559, 299 N.E.2d 521), and, while the decisions of other jurisdictions may be entitled to respect, they are only given such weight as the persuasiveness of their reasoning merits (*Johnson v. Country Life Insurance Co.* (1973), 12 Ill. App. 3d 158, 300 N.E.2d 11). Moreover, courts should use care in adopting expressions in an opinion which go beyond the case in which they appear. *United States v. Zuskar* (7th Cir. 1956), 237 F.2d 528, *cert. denied sub nom. Budzileni v. United States* (1957), 352 U.S. 1004, 1 L. Ed. 2d 549, 77 S. Ct. 564.

In applying the reasoning of those decisions, we find no basis in *Pennwalt* for the broad proposition that the general release here could not bar plaintiff's subrogation action. Moreover, no such a rule necessary to that court's ultimate conclusion as the specific holding therein that a general release does not include claims not within the contemplation of the parties, neither supports nor requires so sweeping a statement since it fails to explain why a right of subrogation, of all possible types of claims, would *never* be contemplated at the time a general release is executed. In addition, the case cited by *Pennwalt* as authority for this proposition, *Tibbetts Contracting Corp. v. O & E Contracting Co.* (1965), 15 N.Y.2d 324, 258 N.Y.S.2d 400, 206 N.E.2d 340, provides inadequate support for the generalization. In *Tibbetts*, the court concluded that the release in question did not bar the subrogation action before it. No reason is given for this conclusion nor is any case cited in support thereof, and it appears to be gratuitous remark, as a careful reading of the case indicates that the claim under adjudication was not within the contemplation of the parties at the time they executed the release.

■ In the light of the above, we decline to depart from the rule that when a release is executed with knowledge of its meaning, any cause of action covered by it is barred. (*Ogren v. Graves* (1976), 39 Ill. App. 3d 620, 350 N.E.2d 249.) We are not persuaded that a broad exception for rights of subrogation is necessary, particularly when, under Illinois law, any claim not within the contemplation of the parties when a release is signed is not included therein. *Mitchell v. Weiger* (1977), 56 Ill. App. 3d 236, 371 N.E.2d 888.

Plaintiff further argues that, if the trial court's order is allowed to stand, it will permit a double recovery from the third-party tortfeasor, since it would give both the employee and the employer standing to

commence suits. In support of this argument, plaintiff cites *Huntoon v. Pritchard* (1939), 371 Ill. 36, 20 N.E.2d 53, which holds that a third-party tortfeasor cannot use the employer's compensation payments to the employee as a bar in an action brought by the employee against the third party. From this, plaintiff reasons that a judgment in favor of the employee would not be *res judicata* to a suit by the employer.

Plaintiff's reasoning is not persuasive. Initially, we note that the trial court's ruling does not establish some new cause of action; rather, an employer's right to seek recovery is established by the Act, indeed by the particular section on which plaintiff relies in pursuing this action. Moreover, we do not agree that a judgment in favor of an employee would not be *res judicata* to a suit by the employer, for that was precisely the result in *Melohn v. Ganley* (1951), 344 Ill. App. 316, 100 N.E.2d 780, a case cited and discussed at length by plaintiff in another portion of its brief. Finally, section 5 of the Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.5) also prevents the double recovery envisioned by plaintiff. An employer has a workers' compensation lien for the amount of benefits paid against any judgment recovered from a third-party tortfeasor as a result of an employee's injury (*Kimpling v. Canty* (1973), 13 Ill. App. 3d 919, 300 N.E.2d 839), which takes effect when the employer gives notice to the third party (*Employers Mutual Casualty Co. v. Trimon Elevator Co.* (1966), 71 Ill. App. 2d 124, 217 N.E.2d 391). Thereafter, the employer must be reimbursed out of any judgment or settlement received by the employee and may not look to the third party for compensation. *Gones v. Fisher* (1919), 286 Ill. 606, 122 N.E. 95 (judgment in a suit in the name of the employee bars another suit in the name of the employer); *Chicago Surface Lines v. Foster* (1926), 241 Ill. App. 49 (employer must look to settlement received by employee for reimbursement and may not recover from third party).

We next consider plaintiff's contention that, even if a subrogation right may be barred by a general release, its claim here was not barred because it was not within the contemplation of the parties when they executed the release. Defendants characterize this contention as an attempt to invalidate the release on the ground of mistake, and they argue that it can only be set aside on clear and convincing evidence of fraud, misrepresentation, or a mutual mistake of material fact. Defendants misconstrue the issue, however, as plaintiff does not contend the release was invalid but, rather, that its right of subrogation was not included in the release.

The issue, therefore, is one of interpretation, and since a re-

lease is a contract, its construction is governed by contract law. (*Murphy v. S-M Delaware, Inc.* (1981), 95 Ill. App. 3d 562, 420 N.E.2d 456.) The scope and effect of a release, as with any contract, is a question of fact to be determined by the intention of the parties as reflected in the language of the instrument, with due consideration given to the circumstances surrounding the transaction. *Gladinus v. Laughlin* (1977), 51 Ill. App. 3d 694, 366 N.E.2d 430.

■ In the instant case, plaintiff posits that the parties contemplated only the release of a property damage claim arising out of the same accident in which its employee was injured. However, the release is not so limited and defendants' motion to dismiss, supported by affidavit, asserts that the release was intended to settle all claims arising from this accident, and so states. Plaintiff then had the burden of establishing that there was a disputed question of fact (*Sharp v. Gallagher* (1981), 94 Ill. App. 3d 1128, 419 N.E.2d 443), which it could have done by filing counteraffidavits, interrogatories, documents, or depositions, or by calling witnesses to testify at a hearing on the motion (*Meyer v. Murray* (1979), 70 Ill. App. 3d 106, 387 N.E.2d 878). Not having done any of these, the unsupported assertions as to what other claim or claims the parties to the release might have contemplated are insufficient to raise a material issue of fact necessary to preclude dismissal.

Moreover, plaintiff's arguments do not persuade us that the parties did not intend to include the subrogation claim. Plaintiff states that, under the Act, it would have no right to seek subrogation until and unless its employee failed to bring an action against defendants, and in no event would its right of subrogation accrue until three months prior to expiration of the two-year statute of limitations. Therefore, plaintiff contends, since no right of action would arise until some 20 months after the release was signed[1] there was no assurance that it would ever accrue, and for these reasons the claim could not have been within the contemplation of the parties.

■ We fail to see why uncertainty as to accrual of the claim would preclude its consideration by the parties. In fact, other circumstances point to an opposite conclusion. The release includes claims which plaintiff "hereafter may have," language which would be unnecessary if the parties did not contemplate the possible future accrual of claims. In addition, plaintiff does not assert and it does not

---

[1]An employer may not bring an action until 21 months after the date or injury. In this case, the release was signed one month after the occurrence—or 20 months prior to the date when plaintiff could first file.

appear that it was unaware of its rights under the workers' compensation laws; indeed, its use of a preprinted, form complaint for recovery of its payments bespeaks some experience in these matters. Finally, the relatively small amount of compensation paid suggests that its employee's injuries were slight and that a suit by him was unlikely. In sum, it does not appear from the language of the release or the circumstances existing at the time of its execution that it was not intended to include a future subrogation claim.

For the reasons stated, the order of the trial court is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.