CHARLES KOCHAN, Plaintiff-Appellant, v. ARCADE ELECTRIC COM-
PANY, Defendant-Appellee.

First District (4th Division)   No. 86—2626

Opinion filed August 6, 1987.

B. John Mix, Jr., of Chicago, for appellant.

Bernard J. Hennessy and Charles R. Purcell, both of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Charles Kochan, appeals from an order of the circuit court of Cook County denying his motion to adjudicate a workers' compensation lien held by his employer and the Arcade Electric Company, defendant. A jury awarded plaintiff damages in a personal injury action. Plaintiff contends that (1) Arcade's workers' compensation lien should be reduced proportionally by the reduction of the judgment due to his comparative negligence, (2) Arcade's lien should be reduced proportionally by the degree of its negligence, and (3) the lien may not attach to that portion of the judgment for which he never received workers' compensation.

We affirm.

On August 9, 1980, plaintiff suffered injuries while performing electrical work for Arcade. Arcade had a subcontract with the Central Electric Construction Company for the installation of an electrical system in a new building under construction in Chicago, Illinois. A. S. Salzman & Sons, Inc., was the architect and general contractor, and Ruth Kalnitz and Phyllis Slavin owned the R. S. Anderson Company, which owned the building. The Commonwealth Edison Company owned the electrical conductors located on the premises.

On May 10, 1983, plaintiff filed his second amended complaint against defendants Central Electric, Salzman, Anderson and Commonwealth Edison, alleging negligence and violations of the Structural Work Act (Ill. Rev. Stat. 1979, ch. 48, par. 60 *et seq.*). The trial court dismissed those counts alleging a cause of action under the Act and we affirmed. *Kochan v. Commonwealth Edison Co.* (1984), 123 Ill. App. 3d 844, 463 N.E.2d 921, *appeal denied* (1984), 101 Ill. 2d 566.

Plaintiff filed his third amended complaint on October 25, 1985.

He alleged that defendants were negligent in various aspects of the building's construction and that Commonwealth Edison additionally violated the Public Utilities Act (Ill. Rev. Stat. 1985, ch. 111⅔, par. 5—201). Defendants in turn sought contribution from each other and brought a third-party action for contribution against Arcade.

The cause was tried before a jury, which returned a verdict for plaintiff and awarded him $275,000 in damages. The jury found, however, that plaintiff was 40% negligent and reduced his award accordingly to $165,000. The jury assessed defendants' liabilities as follows: 17% against Commonwealth Edison, equalling $28,050; 8% against Salzman, equalling $13,200; 7% against Central Electric, equalling $11,550; and 68% against Arcade, equalling $112,000. On April 11, 1986, the trial court entered judgment on the verdict.

Plaintiff subsequently asked the trial court to adjudicate Arcade's workers' compensation lien against his judgment for $136,000. The trial court denied plaintiff's motion on August 27, 1986, and from that order plaintiff now appeals.

I

■ Plaintiff first contends that the trial court should have reduced Arcade's workers' compensation lien proportionately (1) by the reduction of the judgment due to his comparative negligence, (2) by the degree of Arcade's negligence, or (3) both of the above.

The first paragraph of section 5(b) of the Workers' Compensation Act provides in pertinent part:

> "(b) Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of *** compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee *** and judgment is obtained and paid, *** then from the amount received by such employee *** there shall be paid to the employer the amount of compensation paid ***." Ill. Rev. Stat. 1983, ch. 48, par. 138.5(b).

The primary rule governing the interpretation and construction of statutes is that courts must ascertain and give effect to the intention of the legislature. We should seek the legislative intent primarily from the language that the statute uses. ''Where the language of the act is certain and unambiguous the only legitimate function of the courts is

to enforce the law as enacted by the legislature. [Citations.] It is never proper for a court to depart from plain language by reading into a statute exceptions, limitations or conditions which conflict with the clearly expressed legislative intent." *Certain Taxpayers v. Sheahen* (1970), 45 Ill. 2d 75, 84, 256 N.E.2d 758, 764; see also *People ex rel. Callahan v. Marshall Field & Co.* (1980), 83 Ill. App. 3d 811, 813-14, 404 N.E.2d 368, 370-71.

Applying the above principles to the case at bar, we conclude that section 5(b) of the Workers' Compensation Act is clear, unambiguous and susceptible to only one logical interpretation. The provision allows the employer to recoup the total amount of compensation that he paid to the employee. Negligence, of either the employer or employee, is simply not a factor.

Plaintiff first contends that Arcade's lien should be reduced proportionately by the reduction of the judgment due to his comparative negligence. Without citing authority, plaintiff argues that "[i]t seems only fair that if the plaintiff himself is denied recovery of 40% of the compensation award, the lienor recovery should also be reduced by the same percentage." This argument ignores the plain language and intent of the statute and is better addressed to the legislature rather than to this court.

Plaintiff also contends that Arcade's lien should be reduced proportionately by the degree of its negligence. An employer, however, has the right under section 5(b) to recover compensation payments that he made to an employee, whether the employer is negligent or not. *Carver v. Grossman* (1973), 55 Ill. 2d 507, 516, 305 N.E.2d 161, 165.

Plaintiff cites *Erickson v. Bituminous Casualty Corp.* (1973), 10 Ill. App. 3d 19, 293 N.E.2d 702, as authority for its contention that Arcade's lien should be reduced proportionately by the degree of its negligence. In *Erickson*, as in the instant case, plaintiff employee sued defendants, who brought a third-party contribution action against the employer. Plaintiff received judgment against defendants, who received judgment against the employer. The employer's insurance carrier sought to recover the compensation payments that the employer paid to the employee. The trial court denied recovery and this court affirmed. We reasoned that since the employer could not recover the compensation payments from the employee due to the employer's negligence, then the employer's insurance carrier could not do likewise. 10 Ill. App. 3d 19, 21-22, 293 N.E.2d 702, 703-04.

This reasoning was error. Section 5(b) of the Act makes it plain that the concept of negligence has nothing to do with an employer's

statutory recovery of compensation payments from an employee. Further, *Erickson* preceded *Carver* by nearly a year. In *Carver*, our supreme court squarely held that an employer's negligence is not an issue in his recovery of compensation payments from the employee. We conclude, therefore, that *Erickson* was error, and that it is also overruled by *Carver v. Grossman*. We hold that the trial court properly refused to reduce Arcade's workers' compensation lien proportionately by either the judgment due to plaintiff's comparative negligence or by the degree of Arcade's negligence.

## II

■ Plaintiff also contends that Arcade's lien should not attach to that portion of the judgment for which he never received workers' compensation. Plaintiff argues that since Arcade never compensated him for injuries such as pain and suffering, then Arcade's lien should not attach to those portions of his judgment awarded for those injuries.

The third paragraph of section 5(b) provides in pertinent part:

"If the injured employee *** agrees to receive compensation from the employer or accept from the employer any payment on account of such compensation, *** the employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party." Ill. Rev. Stat. 1983, ch. 48, par. 138.5(b).

In *Ullman v. Wolverine Insurance Co.* (1970), 48 Ill. 2d 1, 269 N.E.2d 295, our supreme court stated that the Act obligates the employee to reimburse the employer for the full amount of benefits paid or payable by him and that the Act creates a lien in favor of the employer upon any recovery by the employee for the amount of the benefits. The employee must reimburse the employer from any recovery that the employee receives from a third party. 48 Ill. 2d 1, 7, 269 N.E.2d 295, 298.

We have followed this reasoning in *Hartford Accident & Indemnity Co. v. D. F. Bast, Inc.* (1977), 56 Ill. App. 3d 960, 965, 372 N.E.2d 829, 833-34, and in *Page v. Hibbard* (1986), 142 Ill. App. 3d 788, 491 N.E.2d 1374, where we stated that *Ullman* made it clear that "[t]he obligation of reimbursement of the employer is absolute; the source of funds for such reimbursement is *any* judgment or *any* settlement received by the employee on account of such injury." (142 Ill. App. 3d 788, 795, 491 N.E.2d 1374, 1379.) We hold, therefore, that Arcade's lien properly attaches to the entire judgment for plaintiff.

6

For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Affirmed.

McMORROW, P.J., and JIGANTI, J., concur.