[Civ. No. 18709. Fourth Dist., Div. One. Apr. 30, 1980.]

ETHEL KEMERER, Plaintiff, v.
CHALLENGE MILK COMPANY et al., Defendants and Appellants;
STATE COMPENSATION INSURANCE FUND et al.,
Interveners and Respondents.

**COUNSEL**

Nickoloff & Distel and Thomas O. Nickoloff for Defendants and Appellants.

T. Groezinger, James J. Vonk, Arthur Hershenson, George S. Bjornsen, Louis L. Fayne and Steven A. Helfend for Interveners and Respondents.

OPINION

WIENER, J.—Defendants Challenge Milk Company and Lyle Giarde appeal from a judgment reimbursing plaintiffs-in-intervention State Compensation Insurance Fund and San Diego Unified School District workers' compensation benefits paid to plaintiff Ethel Kemerer arising from an industrial accident. We are asked to decide whether the employee's negligence should be imputed to her otherwise nonnegligent employer under *Witt* v. *Jackson* (1961) 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641], to reduce the amount of recovery of compensation benefits previously paid by her employer or its compensation carrier. On the basis of the principles of comparative fault (*Li* v. *Yellow Cab Co.* (1975) 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393]), examined in light of the no-fault concept underlying the law of workers' compensation, we conclude the employee's negligence should not be so imputed. We affirm the judgment.

*Factual and Procedural Background*

On March 18, 1975, Ethel Kemerer was injured in the course and scope of her employment as a cafeteria worker at O'Farrell Junior High School in San Diego. Lyle Giarde, an employee of Challenge Milk Company, was making his delivery to the cafeteria when the accident occurred. Specifically, he was pushing his loaded delivery dolly through a corridor at the cafeteria when he struck and injured Kemerer. On September 23, 1975, she sued defendants for her personal injuries. On November 1, 1977, plaintiffs-in-intervention filed their complaint for reimbursement by way of subrogation of the workers' compensation benefits paid to Kemerer as a proximate result of defendants' negligence. At trial, the jury found defendants were 70 percent at fault and Kemerer was 30 percent at fault in causing the latter's injury. She was awarded $25,000 in addition to her previously received compensation benefits. The award was reduced by $7,500 for her negligence (30 percent) resulting in her net recovery of $17,500. The intervenors were awarded $18,860.50, the amount paid in compensation benefits by the employer's compensation carrier.

Defendants appeal from the judgment in favor of the interveners.[1]

---

[1]Defendants should have attacked the judgment in favor of Kemerer. She was improperly awarded $17,500 instead of $11,841.85 representing 70 percent of the total damages of $43,860.50 less the worker's compensation benefits received of $18,860.50.

I

Defendants contend the court erred in rejecting the *Witt* v. *Jackson* defense because they were not permitted to reduce the intervener's portion of plaintiff's recovery by the concurrent negligence of plaintiff imputed to her employer.

█ A concurrently negligent employer or its compensation carrier is entitled to reimbursement only for the amount by which its workers' compensation liability exceeds its proportional share of responsibility for the employee's total tort damages. (*Associated Construction & Engineering Co.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 829, 842-847 [150 Cal.Rptr. 888, 587 P.2d 684]; *Kramer* v. *Cedu Foundation, Inc.* (1979) 93 Cal.App.3d 1, 7 [155 Cal.Rptr. 552]; *Rodriguez* v. *McDonnell Douglas Corp.* (1978) 87 Cal.App.3d 626, 670 [151 Cal.

(Cf. *Lemos* v. *Eichel* (1978) 83 Cal.App.3d 110, 118-119 [147 Cal.Rptr. 603].) The outline below illustrates the proper allocation of damages.

1) Total comp paid . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $18,860.50

2) Total Plaintiff Civil Damages
   (Kemerer damages
   $25,000.00 & $18,860.50) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $43,860.50

3) Plaintiff/employee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .30% negligent

4) Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .70% negligent

5) Employer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 0% negligent

6) Damages caused by defendants
   (70% × $43,860.50) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$30,702.35

7) Damages caused by Plaintiff, Kemerer
   (30% × $43,860.50) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$13,158.15

8) Plaintiff's Recovery
   $ 43,860.50 (Total Damages)
   −13,158.15 (Damages Caused by Plaintiff)
   ───────────
   $ 30,702.35
   −18,860.50 (Comp received)
   ───────────
   $ 11,841.85 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$11,841.85

9) Intervener's Recovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$18,860.50

10) Total Cost to Defendant
    $ 18,860.50 (Intervener's Recovery)
    +11,841.85 (Plaintiff's Recovery)
    ───────────
    $ 30,702.35 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$30,702.35

Rptr. 399]; *Arbaugh* v. *Procter & Gamble Mfg. Co.* (1978) 80 Cal. App.3d 500, 508-509 [145 Cal.Rptr. 608].) Consequently, where an employer is not concurrently negligent, as the case here, then it or its compensation carrier is entitled to complete reimbursement of the amount paid in compensation benefits from the third party tortfeasor to the extent the latter is proportionately responsible for the former's damages.

Defendants urge, however, plaintiff-employee's negligence is imputed to the otherwise nonnegligent employer, thus implementing the *Witt* v. *Jackson* doctrine reducing the amount of recoverable compensation benefits by the employer. Defendant relies upon the following passage from *Witt* v. *Jackson, supra*, 57 Cal.2d at pp. 68-69: "In returning a general verdict for defendant the jury must have found that defendant was not negligent or that Witt was contributively negligent. If defendant was not negligent, he is, of course, not liable to the city; if he was negligent but the jury found that Witt was contributively negligent, his negligence is imputed to his employer, the city, and bars its recovery for the damage to the automobile and the payments made to Witt for compensation and medical expenses."

Defendants' reliance is misplaced. In *Witt* v. *Jackson*, the "all or nothing" rule of contributory negligence mandated imputation of plaintiff Witt's contributory negligence to his employer. Otherwise, defendant Jackson, upon receiving a defense general verdict, inconsistently could have been found to be responsible for Witt's damages in his employer's action to recover workers' compensation benefits previously paid to Witt. After *Li* v. *Yellow Cab Co., supra*, 13 Cal.3d 804, and the adoption of comparative fault, we no longer use the "all or nothing" rule.

Defendants' contention is untenable because by imputing plaintiff-employee's negligence to her employer, the damages assessed against the third party tortfeasor would be reduced *twice* contrary to the principle of comparative fault. Defendants would first reduce the total award by plaintiff-employee's comparative fault. Secondly, by using the employee's negligence imputed to her employer, they would reduce the amount of recovery by plaintiffs-in-intervention.

To illustrate defendants' argument, we will assume the following: A jury awards $40,000 to an injured plaintiff-employee who had previously received $10,000 in compensation benefits. The plaintiff-employee is

found to be 30 percent negligent, the employer 0 percent negligent and the third party tortfeasor 70 percent negligent. Following defendants' theory, the *first* reduction for plaintiff's comparative fault is 30 percent of $40,000, or $12,000 which would be deducted from the verdict. The *second* reduction is 30 percent of $10,000, or $3,000 which would be deducted from the compensation benefits reimbursed to the employee or to its insurance carrier. The plaintiff would receive $40,000 less $12,000, or $28,000 minus benefits of $10,000 for a net recovery of $18,000. The plaintiff-in-intervention would receive $10,000 less $3,000 or $7,000. Defendants would thus pay a total of $25,000.

The foregoing mathematically reflects the fallacy of defendants' argument. The objective of *Li* v. *Yellow Cab Co., supra,* 13 Cal.3d 804, 813, is a "system under which liability for damage will be borne...in direct proportion to...respective fault." Defendants' determined proportional share of responsibility is 70 percent. The total damages which it should pay is $28,000, i.e., 70 percent of $40,000. In the hypothetical case, plaintiff should receive $18,000 and plaintiff-in-intervention $10,000, for a total of $28,000, the sum equivalent to the proportionate share of defendant's liability.[2]

## II

■    Defendants next contend the trial court erred in not permitting them to present testimony, argument, or jury instructions relating to the limitation of the intervening employer's recovery to that specific portion of benefits paid to employees as a proximate result of their negligence. They argue that the intervener should not recover the benefits it paid the plaintiff-employee for damages which were not proximately caused by their negligence because it was not under a statutory duty to pay those benefits and failed to exercise reasonable care to mitigate its losses by paying them.

---

[2]Defendants assert the trial court refused to permit them to present testimony, argument and jury instruction to the trier of fact in support of the *Witt* v. *Jackson* defense. However, as plaintiffs-in-intervention correctly point out, the foregoing is factually false. The court's ruling relating to the proximate cause of damages and the effect of employee and employer negligence occurred after the close of evidence. The issues were raised in the pleadings. There is no basis to state that defendants were precluded from introducing pertinent evidence. Finally, after the court made its findings on damages and negligence, there was neither the basis nor the need for argument or jury instruction.

We query whether defendants have standing to assert this contention because they have not been aggrieved. Nevertheless, their contention is devoid of merit for lack of relevance to their ultimate liability. Whether the intervening employer made payments relating to a preexisting medical condition for which it was not responsible is completely irrelevant to defendants' total comparative fault liability to plaintiff, because the plaintiff's total damages award is reduced by the amount received in workers' compensation benefits in order to avoid double recovery. (*Witt v. Jackson, supra*, 57 Cal.2d at p. 73.) If, however, defendant's proportional share of responsibility for plaintiff's damages is less than the amount paid by the intervening employer in compensation benefits, then he is liable only to the extent of his proportional share of responsibility. Consequently, defendants' ultimate liability is unaffected by the manner of the employer's payments of workers' compensation benefits. Their challenge here pertaining to the propriety of medical and disability damages proximately caused by their negligence should be directed toward the plaintiff-employee in her original cause of action which establishes their ultimate liability.

*Disposition*

The judgment is affirmed.

Cologne, Acting P. J., and Staniforth, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 16, 1980. Bird, C. J., was of the opinion that the petition should be granted.