**Alan ROGERS, Appellant,**

v.

**The HOME INDEMNITY COMPANY, Respondent.**

**No. WD 46756.**

Missouri Court of Appeals, Western District.

March 16, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 1993.

Application to Transfer Denied May 25, 1993.

Hollis H. Hanover, Hanover & Turner, Kansas City, appellant.

Thomas R. Hill, Christopher D. Werner, Hill & Beam–Ward, Overland Park, KS, respondent.

Before LOWENSTEIN, C.J., and TURNAGE and BRECKENRIDGE, JJ.

TURNAGE, Judge.

Alan Rogers brought a declaratory judgment action to determine whether the subrogation interest of Home Indemnity was subject to reduction for the comparative fault of Rogers. The court ruled that Home Indemnity's subrogation interest under § 287.150, RSMo Cum.Supp.1992,[1] should not be reduced by the percentage of comparative fault applicable to Rogers. On appeal, Rogers contends that Home Indemnity's subrogation interest should be reduced by the percentage of comparative fault assessed to Rogers. Affirmed.

On March 3, 1987, Alan Rogers was injured during the course of his employment with Mid–America Dairymen, Inc., when his right hand was caught in a broken ladder used to climb to the top of a tank truck owned by Carol Patrick. As a result of his injuries, Rogers received $35,741.38 in workers' compensation benefits from The Home Indemnity Company, Mid–America's insurer.

Rogers also brought a third party tort action against Patrick for negligence. The negligence suit was settled for $65,000.00 based upon a total sum of $130,000.000 which was reduced by fifty-percent, reflecting the stipulated percentage of fault assessed against Rogers. The parties also stipulated that Mid–America was not at fault in any manner with regard to Rogers' accident and injury.

After the settlement, Home Indemnity claimed a lien for the workers' compensation benefits paid to Rogers. Rogers filed a petition for declaratory judgment requesting the court to determine the amount of reimbursement to which Home Indemnity was entitled under § 287.150. The court rejected Rogers' argument that Home Indemnity's subrogation interest for the previously paid workers' compensation benefits should be reduced by Rogers' proportionate share of fault in the third party claim and computed Home Indemnity's interest to be $23,752.97 plus the costs of the declaratory judgment action. Rogers appeals from that judgment.

On appeal, Rogers contends that Home Indemnity's workers' compensation lien should be proportionately reduced by the fault assessed against Rogers in the third party action. Rogers claims that because he was fifty-percent negligent, the workers' compensation lien claimed by Home Indemnity should likewise be proportionately reduced by fifty-percent. Notwithstanding the fact that the parties stipulated that Mid–America Dairy was not in any manner at fault in regard to Rogers' injuries, Rogers requests this court to apply the principles of comparative fault adopted by the Missouri Supreme Court in *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983), to § 287.150 and impute his percentage of comparative fault against

---

1. Section 287.150 allows an employer who has paid out workers' compensation benefits to recover the costs and expenses from the proceeds paid by a third-party tortfeasor after deductions for the plaintiff's costs and attorney fees.

Home Indemnity which would reduce the amount of reimbursement to which it is entitled.

In this case, the trial court computed Home Indemnity's subrogation interest to be $23,752.97 plus costs of the declaratory judgment action by applying the formula set out in *Ruediger v. Kallmeyer Bros. Service*, 501 S.W.2d 56 (Mo. banc 1973).[2] Rogers contends that Home Indemnity is only entitled to fifty-percent of $23,752.97, or $11,876.49. Rogers asserts that in light of the comparative fault principles adopted in *Gustafson*, the only fair result in this case would be to reduce the employer's subrogation interest by the amount of proportionate fault assessed to Rogers.

Although Rogers argues that Home Indemnity's right of recovery is one of "subrogation," he concedes that if the right created by § 287.150 is actually one of "indemnity," then Home Indemnity is entitled to a full reimbursement of the workers' compensation benefits paid to Rogers after deductions for expenses and attorney fees. Rogers contends that in view of the doctrine of subrogation and given the plain meaning of the statute, the right created under § 287.150 is a right of subrogation rather than one of indemnity. Rogers also points out that the term "subrogated" as it appears in the statute suggests the legislative intent that § 287.150 be construed as a right of subrogation.

Section 287.150 provides, in pertinent part:

1. Where a third person is liable to the employee or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his dependents would have been entitled to recover....

3. Whenever a recovery against the third person is effected by the employee or his dependents, the employer shall pay from his share of the recovery a proportionate share of the expenses of the recovery, including a reasonable attorney fee. After the expenses and attorney have been paid the balance of the recovery shall be apportioned between the employer and the employee or his dependents in the same ratio that the total amount due the employer bears to the total amount recovered, or the balance of the recovery may be divided between the employer and the employee or his dependents as they may agree. Any part of the recovery found to be due to the employer, the employee or his dependents shall be paid forthwith and any part of the recovery paid to the employee or his dependents under this section shall be treated by them as an advance payment by the employer on account of any future installments of compensation.[3]

The meaning of the term "subrogated" as it is used in § 287.150 was addressed in *O'Hanlon Reports, Inc. v. Needles*, 360 S.W.2d 382 (Mo.App.1962). *O'Hanlon* held that the statute does not give a true subrogation right to the employer.

The court stated:

[T]he right of subrogation given to the employer by Section 287.150 is not analogous to that acquired by the insurance carrier in the *General Exchange [General Exchange Insurance Corp. v. Young*, 206 S.W.2d 683 (Mo.App.1947)] case. Actually, while the word 'subrogated' is

---

**2.** The sum of $23,752.97 was arrived at by dividing the total workers' compensation benefits paid in the amount of $35,741.38 by $65,000.00 (the amount of the settlement with the third-party tortfeasor). The resulting sum is multiplied by $21,802.38 (the amount of Rogers' costs and attorney fees) which equals $11,988.42 and represents the amount assessed to the employer for his share of expenses in effecting recovery. The $11,988.42 is deducted from the total workers' compensation benefits expenditures and results in a net recovery under the *Ruediger* formula in the amount of $23,752.97.

**3.** Section 287.150.1 describes the interest of the employer and § 287.150.3 controls the disposition of the proceeds from a recovery against a third party in which an employer has an interest because it has paid out workers' compensation benefits to an injured employee.

used in Section 287.150, ... it is indemnity, and not true subrogation, for which the act provides. *Id.* at 386.

*O'Hanlon* held that in true subrogation the insured assigns his whole claim for his entire loss to an insurance carrier. *Id.* at 385[3]. The court said that, in contrast, the employer is not subrogated to the whole claim of the employee under § 287.150. Rather the employer is only subrogated to the amount of compensation paid or payable. *Id.* at 385–86[4–6].

While *O'Hanlon* held that § 287.150 does not provide true subrogation, no case in Missouri has considered the effect of comparative fault on the right of recovery that § 287.150 gives to the employer. However, other states have considered that question.

In *Jarvis v. Southern Pacific Transportation, Co*, 142 Cal.App.3d 246, 191 Cal. Rptr. 29, 36 (1983), the California Court of Appeals rejected the argument that a workers' compensation lien should be proportionately reduced by the percentage of the plaintiff-employee's fault.[4] In rejecting the employee's argument, the court held:

> [W]hile the negligent employee's recovery will be reduced in proportion to his own degree of fault, the employee's award must, of course, also be reduced by the amount of workers' compensation benefits received in order to prevent a double recovery. The employee's negligence will not, however, be imputed to an otherwise non-negligent employer for the purpose of reducing the amount of the employer's reimbursement. (*Kemerer v. Challenge Milk Co.*, supra, 105 Cal. App.3d [334] at 334–336, 164 Cal.Rptr. 397 [ (1980) ] ). We find the reasoning in *Kemerer* persuasive herein: "Defendant's contention is untenable because by imputing plaintiff-employee's negligence to her employer, the damages assessed against the third party tortfeasor would be reduced twice contrary to the principle of comparative fault. Defendants would first reduce the total award by plaintiff-employee's comparative fault. Secondly, by using the employee's negligence im-

puted to her employer, they would reduce the amount of recovery by plaintiffs-in-intervention." (citations omitted)

The court did not base its decision on the language of the statute allowing an employer to recover amounts paid in workers' compensation, but on the ground that the employee's negligence will not be imputed to a non-negligent employer in order to reduce the amount of the employer's reimbursement. *Id.* 191 Cal.Rptr. at 36[10–12]. The court held that by imputing the employee's negligence to the employer, the damages assessed against the third-party tortfeasor would be reduced twice contrary to the principle of comparative fault. *Id.* The recovery against the third-party tortfeasor would be reduced first by the employee's fault, and by imputing the employee's negligence to the employer the recovery would be reduced a second time. *Id.* (quoting *Kemerer v. Challenge Milk Co.*, 105 Cal.App.3d 334–36, 164 Cal.Rptr. 397 (1980)).

■ Michigan, which has a statutory provision similar to § 287.150, does not allow workers' compensation liens to be reduced based upon a proportionate percentage of an employee's fault. In *Land v. George Schmidt Co.*, 333 N.W.2d 30 (Mich. App.1982), the court held that the employer was entitled to be reimbursed from any recovery against a third party for any amount paid or payable under workers' compensation. The court held the statute did not permit a reduction for the employee's comparative fault from the recovery against the third party. In short, the court held that under the statutory language there could be no reduction in the recovery from the third party prior to payment to the employer of the amount due under its subrogation right.

In *Kochan v. Arcade Elec. Co.*, 160 Ill. App.3d 1, 111 Ill.Dec. 658, 660, 512 N.E.2d 1295, 1297 (Ill.App.1987), the Illinois Court of Appeals held that an employer has an absolute statutory right to recover the full amount of its compensation benefits paid to

---

**4.** *Jarvis* was decided after the adoption of comparative negligence by the Supreme Court of

California in *Li v. Yellow Cab*, 13 Cal.3d 804, 119 Cal.Rptr. 858, 532 P.2d 1226 (1975).

an employee. As in the case at bar, the plaintiff in *Kochan* argued that the workers' compensation lien should be reduced proportionately by the degree of comparative negligence assessed against the employee. In rejecting this argument, the court noted that the "negligence, of either the employer or employee, is simply not a factor" under a statute which gave the employer the right to recoup the total amount paid to the employee. *Id.*, 111 Ill.Dec. at 660, 512 N.E.2d at 1297.

Rogers contends that *Jarvis, Land,* and *Kochan* do not apply because the statutes involved are different from the Missouri statute. While the statutes are not identical, the meaning is the same—the employer is entitled to reimbursement for amounts paid to an employee for workers' compensation benefits from any recovery against a third-party tortfeasor. The Missouri statute is the same. The courts in those cases held the statutory language granting the employer the right to recoup governed over the existence of comparative fault. This court finds the reasoning in *Jarvis, Land,* and *Kochan* to be persuasive.

Although the Supreme Court of Missouri adopted comparative fault, that does not amend the statute governing the rights of the employer to recoup compensation payments from a third-party tortfeasor. That right is governed by statute and under § 287.150 comparative fault plays no part in the amount due the employer.

The judgment is affirmed.

All concur.